## Seip *versus* Storch.

1. If a party puts an incompetent witness on the stand, he makes him competent in the cause for either party.

2. Under the Act of March 27th 1865, allowing a party to call his adversary as a witness, the party if thus called is made a witness for all purposes on his own side.

ERROR to the Court of Common Pleas of *Lehigh county.*

This was an action of *assumpsit* by Henry Storch against William H. Seip, in which the writ issued September 18th 1863, and the defendant declared in the common counts.

The cause of action was digging the cellars and doing the mason work for several houses.

On the trial (before Maynard, P. J.) the defendant gave evidence to prove a change in the original contract, then called the plaintiff to prove other parts of his case, and rested.

The plaintiff's counsel then called the plaintiff himself to prove that the contract had not been changed. He was admitted to testify, under objection and exception of the defendant.

This was the only error assigned.

*J. H. Oliver* and *Schall & Stiles*, for plaintiffs in error, referred to the Act of March 27th 1865, P. L. 38, allowing a party to call his adversary to testify; and contended that under that act, the party called could be cross-examined only as to what he had testified, and could not be called and examined in chief as to other matters.

*T. B. Metzger, C. M. Runke* and *W. S. Marx*, for defendant, in error.—If a party calls an interested witness, he puts him forward as worthy of belief, and cannot afterwards object to his competency: Floyd *v.* Bovard, 7 W. & S. 75; Turner *v.* Waterson, 4 Id. 171; Stockton *v.* Demuth, 7 Watts 39; Morgan *v.* Bridges, 2 Starkie 279.

The opinion of the court was delivered March 26th 1867, by

READ, J.—The defendant called the plaintiff, and he was examined and cross-examined. The plaintiff's counsel then called the plaintiff as a witness on his own behalf; he was objected to, but was admitted to testify, and was examined and cross-examined, and this is assigned for error.

[Seip *v.* Storch.]

In England, when called as a witness by the defendant, he might on cross-examination have testified as to every and any fact material to the issue; but in Pennsylvania, according to the rule in Ellmaker *v.* Buckley, 16 S. & R. 72, a party cannot, before he has opened his case, introduce it to the jury by cross-examining the witnesses of the adverse party. Accordingly, in Floyd *v.* Bovard, 6 W. & S. 75, the plaintiff called as a witness a co-defendant and examined him, and at a subsequent stage of the trial he was called and examined as a witness for the defendant. In this case the witness was both a party and directly interested. C. J. Gibson said (p. 77): "The plaintiff himself has called him to prove a part of his case, the witness consenting to be sworn; and had not this been done he certainly would have been incompetent to testify for his co-defendant, and why? Because his interest raised a presumption unfavourable to his credibility, which would not have been rebutted. But did not the plaintiff rebut it, when he produced him as a witness worthy of credit, and had the benefit of his testimony? or did he assert no more than that he was worthy of credit, only when he testified against his own interest. The man who is honest enough to declare the whole truth, when it makes against him, will be honest enough to declare no more than the truth in his own favour. It would give a party an unjust advantage to let him pick out particular parts of a witness's testimony and reject the rest. But the matter does not rest on principle alone; for it is a familiar rule that a party cannot discredit its own witness or show his incompetency." See also Stockton and Stokes *v.* Demuth, 7 Watts 41, per Sergeant, J., and Turner *v.* Waterson, 4 W. & S. 175, by the same learned judge, where the same doctrine is directly laid down.

In construing therefore, the remedial Act of 27th March 1865, P. L. 38, we must apply the well-established principle, that, if a party puts an incompetent witness on the stand, by exercising any power which he possesses over him, he makes him an entirely competent witness in the cause, to be used as such by either party. The learned judge was entirely right, and the judgment is affirmed.